IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WASHINGTON | : | CIVIL ACTION |
| v. | : | |
| DETECTIVE LEO HANSHAW, et al. | : | NO. 11-0254 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.[1]                                                     December 12, 2012

In this civil rights action, Plaintiff alleges that Upper Darby Township and three of its police officers – Detective Leo Hanshaw, Detective William Kane, and Officer Steven O'Connor – violated his constitutional rights on February 23, 2005, when they took him into custody without probable cause and then provided false information about the arrest during criminal proceedings. Presently before the court is Defendants' motion for judgment on the pleadings and renewed motion for summary judgment. See Doc. 37. For the reasons that follow, I will grant Defendants' motions and enter judgment in favor of Defendants and against Plaintiff.

I.     **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

The relevant facts are set forth in Judge McLaughlin's May 11, 2012, memorandum opinion on Defendants' prior summary judgment motion. See Doc. 30. For present purposes, suffice it to say that on the evening of February 23, 2005, as part of their search for a robbery suspect, Defendant police officers stopped Plaintiff as he

---

[1]This case was originally assigned to the Honorable Mary A. McLaughlin, who referred the matter to me for all proceedings upon the consent of the parties. See Doc. 33.

walked along North Keystone Street in Upper Darby, ordered him to the ground, handcuffed him and conducted a pat-down search, and transported him to police headquarters after failing to confirm his identity. They subsequently charged him with drug-related offenses related to a quantity of drugs that he took out of his coat and left in the back of the police car, as well as giving a false name to law enforcement officers. The parties dispute whether the officers knew that Plaintiff was not the robbery suspect when they transported him to police headquarters.

Plaintiff went to trial on May 3, 2006, and on the following day was convicted on all charges except possession with intent to deliver, a charge upon which the jury could not reach a verdict. Plaintiff's second trial ran from July 26, 2006, to July 27, 2006, at which time he was convicted of the remaining charge and sentenced to 3 to 6 years' imprisonment. The state trial court denied Plaintiff's motion to suppress the drug evidence, finding that there was probable cause to arrest Plaintiff as part of the robbery investigation based on Officer Hanshaw's testimony at a suppression hearing that the officers were unable to rule out Plaintiff as the robbery suspect.

On October 2, 2008, the Pennsylvania Superior Court reversed the lower court and vacated Plaintiff's sentence. The Superior Court held that the officers lacked probable cause to arrest Plaintiff, based on Officer Hanshaw's testimony at trial that he knew Plaintiff was not the robbery suspect before he was taken into custody, and further held that probable cause was not created when the officers suspected Plaintiff may have lied

about his identity.[2]  As a result, the Superior Court held that the arrest was unlawful, suppressed the drugs found in the police car, and ordered Plaintiff to be discharged.  The Commonwealth did not seek review of the Superior Court's ruling.

Plaintiff initiated this case by filing a writ of summons on October 1, 2010, in the Delaware County Court of Common Pleas, asserting a section 1983 claim for violation of constitutional rights against the officers individually, and also against the Township under Monell.[3]  See Doc. 1 (Complaint).  Plaintiff conceded in the Complaint that he was "not innocent" of the drug charges.  See Doc. 1 at ¶ 30.  Defendants removed the matter to federal court and on February 22, 2011, filed an Answer and Affirmative Defenses, including the affirmative defense of time-bar.  See Doc. 6.

On November 30, 2011, Defendants filed a motion for summary judgment, arguing qualified immunity barred the claim against the officers individually, and that there was no basis in the record for municipal liability under Monell.  See Doc. 17.  Plaintiff moved to withdraw his claim of malicious prosecution, acknowledging that it could not survive because he was not innocent of the drug offenses, and Judge McLaughlin granted the motion.  See Docs. 27 & 28.  On May 11, 2012, Judge McLaughlin denied the motion for summary judgment as to the claim of false arrest against the officers, finding a question of material fact as to whether the officers had

---

[2]Under state law, the crime of false identification to law enforcement requires that the false information be given "after being informed by a law enforcement officer . . . that the person is the subject of an official investigation of a violation of law."  18 Pa. C.S.A. § 4914.

[3]See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

3

probable cause to arrest Defendant. Judge McLaughlin denied the motion without prejudice as to the Monell claim, stating the Defendants could renew their Monell argument "later in the case." See Doc. 30.

On October 23, 2012, Defendants filed the present motion for judgment on the pleadings and renewed motion for summary judgment, arguing that the claim against the officers should be dismissed as untimely, and renewing the argument that there is no basis in the record for Monell liability. See Doc. 37. Plaintiff filed a response to the motion, Defendants filed a reply, and Plaintiff filed a sur-reply. See Docs. 43-45. On December 7, 2012, I held oral argument on the motion.

## II. LEGAL STANDARDS

Motions for judgment on the pleadings are governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that such a motion may be filed once the pleadings are closed and "within such time as to not delay the trial." The standard of review is identical to that of a motion to dismiss under Rule 12(b)(6), which concerns a failure to state a claim upon which relief can be granted. Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The only difference is that in a motion for judgment on the pleadings, the court may review not only the complaint, but also the answer and any written instruments and exhibits attached to the pleadings. See Phillips v. Transunion, No. 12-cv-1058, 2012 WL 1439088, at *3 (E.D. Pa. Apr. 25, 2012) (Surrick, J.) (citing Sprague v. Neil, No. 05-cv-1605, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007)).

A moving party is entitled to summary judgment "if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute. . . ."  Fed. R. Civ. P. 56(c)(1).  "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact."  Boykins v. Lucent Techs., Inc., 78 F.Supp.2d 402, 408 (E.D. Pa. 2000).  The evidence presented must be viewed in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255; Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).

## III.   DISCUSSION

### A.   Judgment on the Pleadings – Statute of Limitations

Defendants argue that they are entitled to judgment on the pleadings as to the claim against the officers because the only remaining viable cause of action is false arrest, which is barred by a two-year statute of limitations.  See Doc. 37 at 52-54.[4]  In response, Plaintiff asserts that he has not brought a false arrest claim, and conceded at

---

[4]Page numbers refer to the court's ECF pagination.

oral argument that such a claim would be time-barred. See N.T. 12/07/12 at 15. Rather, Plaintiff argues that the Complaint states eight other constitutional violations. See Doc. 43 at 9-10, 20-21. In his reply brief, Plaintiff also argues that Defendants' time bar affirmative defense should be stricken or denied on the basis of collateral estoppel, although at oral argument he chose not to press any argument related to the timeliness of Defendants' motion. See id at 14-20; N.T. 12/07/12 at 14-15.

By way of background, in their initial pleading Defendants moved to dismiss the claim against the Township on grounds that it was filed more than two years after the Superior Court reversed Plaintiff's conviction. See Doc. 3. Defendants withdrew the motion after Plaintiff pointed out an error in Defendants' calculation of the date from which the limitations began to run. See Docs. 4 & 5. Defendants then answered the Complaint, raising the statute of limitations as a defense. See Doc. 6 at 10 (Twelfth Affirmative Defense). However, they did not raise the defense in their motion for summary judgment before Judge McLaughlin. See Doc. 17. Indeed, in the absence of a time-bar argument, Judge McLaughlin addressed the merits of Defendants' motion seeking summary judgment on the claim against the officers (which the judge characterized as a false arrest claim) and denied the motion because there was a genuine issue of material fact as to whether the officers had probable cause to arrest Plaintiff. See Doc. 30. Judge McLaughlin had already granted Plaintiff's motion for voluntary withdrawal of his malicious prosecution claim. See Docs. 27 & 28.

Defendants' rationale for moving for judgment on the pleadings at this late date on the basis of the time bar is somewhat confusing. They argue that their original summary

6

judgment motion "was predicated on the assumption that it was manifestly clear from the facts of this case that there was no viable claim for false arrest [given the time-bar] and that Plaintiff's only viable constitutional claim was for malicious prosecution." See Doc. 37 at 53.  Thus, Defendants imply that the issue of time-bar became paramount only after Plaintiff withdrew his malicious prosecution claim, and that it cannot be waived once pled as an affirmative defense.  This argument was repeated at oral argument.  See N.T. 12/07/12 at 5-10.

Defendants compounded their failure to raise the time-bar issue after consenting to proceed before me.  During a telephone conference I conducted with counsel on June 12, 2012, the parties agreed that the case was ready for trial but for pretrial filings and evidentiary motions.  Nor did Defendants seek leave to file the present motion. Therefore, I conclude that Defendants' motion for judgment on the pleadings is improper as a procedural matter.

Nevertheless, federal law is clear that claims of false arrest are subject to a statute of limitations measured from the time a plaintiff had reason to know of the injury – that is, the date of arrest.  Borrowing from the Pennsylvania limitations period for corollary tort actions, the limitations period is two years.  See LeBlanc v. Snavely, 453 Fed. Appx. 140, 142 (3d Cir. 2011) (false arrest and false imprisonment claims have two-year statute of limitations).  Moreover, at least where the facts are not disputed, whether a claim is time-barred is a question of law for the court.  See Wallace v. Kato, 549 U.S. 384, 388 (2007) ("The accrual date of a 1983 action is a question of federal law.").  Plaintiff was arrested on February 23, 2005, and he commenced the present lawsuit over five years

7

later on October 1, 2010.  Even if the causes of action were said to accrue at the time he heard "fabricated" testimony at his criminal trials, the latest of these occurred in July 2006.  See Wallace, 549 U.S. at 388-89 (statute of limitations begins to run on false arrest claim from date of arrest, and on false imprisonment claim from date person was bound over by magistrate or arraigned).  Therefore, to the extent Plaintiff asserts a claim for false arrest and/or false imprisonment, the claim is unquestionably time-barred and Defendants would be entitled to judgment on the pleadings or a directed verdict on the issue at trial.  Plaintiff does not dispute this, and indeed acknowledges that a false arrest claim is untimely.  See N.T. 12/07/12 at 15.

In his briefs and at oral argument, Plaintiff attempts to distinguish his claim from either a claim of false arrest – which is time-barred – or malicious prosecution – which is barred by the fact of his admitted guilt.[5]  Instead, Plaintiff identifies eight constitutional claims as follows: (1) violation of procedural due process under the Fourteenth Amendment, (2) denial of right of access to court under the Fourteenth Amendment, (3) right of due process under the Fourteenth Amendment, (4) deprivation of right to liberty under the Fourteenth Amendment, (5) wrongful prosecution under the Fourteenth Amendment, (6) wrongful conviction under the Fourteenth Amendment, (7) wrongful incarceration under the Fourteenth Amendment, and (8) wrongful conviction under the Eighth Amendment.  See Doc. 43 at 21 (citing Complaint at ¶¶ 30-34).  Plaintiff further argues that the statute of limitations for these causes of action began to accrue either at

---

[5] See, e.g., Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (factual guilt precludes recovery for malicious prosecution).

the time his underlying conviction was invalidated by the Pennsylvania Superior Court in October 2008, or when he was released from prison in November 2008.

In essence, Plaintiff tries to fashion from the facts a constitutional claim that does not depend on innocence to the charges and that does not accrue on or near the date of arrest. In particular, Plaintiff relies on Hector, 235 F.3d at 154, for the proposition that his claim should be recognized. See Doc. 45 at 11; N.T. 12/07/12 at 22-25. In Hector, the Third Circuit held that a successful plaintiff in a section 1983 false arrest case, and who was not pursuing a malicious prosecution claim, could not recover damages resulting from the discovery of evidence and prosecution that followed the false arrest. Id. at 156-60. Thus, rather than support Plaintiff's claim here, Hector supports the distinction between false arrest/imprisonment claims on the one hand and malicious prosecutions claims on the other. It also suggests the absence of a separate constitutional claim arising from a similar fact scenario.

The language in Hector on which Plaintiff relies does not appear in the portion of the court's opinion which is most relevant to the issue to be decided here. Rather, later in the opinion the court decided not to address the defendant's alternative argument that the prosecution constituted an intervening cause of Plaintiff's damages, and Plaintiff latches onto the court's following statement: "We have no reason to use this case as a vehicle for effectively deciding, for example, that a § 1983 plaintiff who was the victim of fabricated evidence can never sue for damages incurred after a prosecutor's decision to indict. We leave such matters for another day." Hector, 235 F.3d at 161. While perhaps tantalizing

to a potential plaintiff, this language did not recognize a cause of action applicable to this Plaintiff.[6]

The fundamental problem with Plaintiff's argument is that all of Plaintiff's enumerated claims are either restatements of, or derive entirely from the facts giving rise to claims of false arrest or malicious prosecution – the latter withdrawn and the former time-barred, as Plaintiff conceded at oral argument.  See N.T. 12/07/12 at 15.  Plaintiff seeks to circumvent this conundrum by asking the court to create a hybrid of false arrest and malicious prosecution – that is, a claim with the same elements as false arrest minus the two-year statute of limitations, or one with the same elements as malicious prosecution but one which remains viable even where the defendant is guilty of the offense charged.  I decline Plaintiff's invitation.

The Supreme Court has been careful to clearly define specific actionable constitutional violations under section 1983, rather than recognize broad causes of action

---

[6] Plaintiff's reliance on Laughman v. Pennsylvania, No. 1:05-cv-1033, 2007 WL 2345295 (M.D. Pa. Aug. 16, 2007), is also misplaced.  Eleven years after his conviction for murder, DNA testing ruled Laughman out as the perpetrator, and he brought claims under section 1983 for false arrest, malicious prosecution and violation of his substantive due process rights.  His false arrest claim survived because defendants waived their statute of limitations defense.  Id. at *7.  In denying summary judgment on the substantive due process claim, the court observed that although the "Third Circuit has never recognized a free-standing right under the Fourteenth Amendment to be 'free from being framed by police,'" Laughman had sufficiently alleged an actual deprivation of liberty based upon an officer's alteration of blood test results to match a fabricated confession.  Id. at *8-9.  Plaintiff offers no rationale for applying this analysis to a plaintiff who is admittedly guilty, which also serves to distinguish the other cases upon which he relies.  See Whitley v. Allegheny County, No. 07-cv-403, 2010 WL 892207, at *23-24 (W.D. Pa. Mar. 9, 2010 (declining to grant summary judgment to defendants on exonerated plaintiff's Fourteenth Amendment fair trial claim) (citing Doswell v. City of Pittsburgh, No. 07-cv-0761, 2007 WL 2907886, at *8 (W.D. Pa. Oct. 2, 2007) (same)).

10

based on "due process" or "fair trial" rights.  See generally Wallace, 549 U.S. at 388 (false imprisonment claim is a "species" of false arrest); Albright v. Oliver, 510 U.S. 266, 271-75 (1994) (arrest without probable cause does not constitute a violation of substantive due process rights sufficient to support a section 1983 action; "[W]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more general notion of "substantive due process" must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).  Adopting Plaintiff's argument would run directly contrary to this rule of section 1983 jurisprudence.  Plaintiff's inability to cite to any case supporting the cause of action he proposes confirms that it does not exist.  Similarly, Plaintiff's argument that his claim should be recognized as a public policy matter, see N.T. 12/07/12 at 31-32, is insufficient to create a cause of action.

In sum, I find that Defendants' motion for judgment on the pleadings is untimely, but that it should nevertheless be granted because Plaintiff has failed to persuade the court that his civil rights claim is anything other than a claim arising from his alleged false arrest (which is time-barred) or malicious prosecution (which has been withdrawn), and that no viable hybrid claim exists that could survive the time-bar.  Because Defendants would be entitled to a directed verdict on the issue during the trial, I will instead grant the present motion in the interest of judicial economy.

### B.   Summary Judgment – Municipal Liability

Plaintiff asserts a Monell claim arguing that his arrest without probable cause occurred pursuant to the Township's policy or custom of taking persons into custody for

providing false identification to police officers. See Doc. 1 ¶¶ 38-40. As previously explained, Judge McLaughlin denied without prejudice Defendants' prior motion for summary judgment on this ground, but without prejudice to raise the argument "later in the case." See Doc. 30 at 11. Therefore, Defendants' renewed motion for summary judgment does not implicate the same timeliness concerns as the motion for judgment on the pleadings.

In order to prevail on a claim against a political subdivision, a plaintiff needs to show that the alleged constitutional violation was a result of the Township's policy, custom or practice. See Monell, 436 U.S. at 691. A local government cannot be held responsible on a theory of respondeat superior. Rather, the plaintiff must show that the government entity itself, through the implementation of a policy or custom, caused the constitutional violation alleged by the plaintiff. Id.

My conclusion that Defendants are entitled to judgment on the pleadings as to the officers on the grounds that Plaintiff's claim is time-barred compels a finding that the Township is entitled to summary judgment as to the Monell claim, because such a claim cannot stand in the absence of an underlying constitutional violation. See Bielevicz v. Dubonin, 915 F.2d 845, 850 (3d Cir. 1990) (Plaintiff making Monell claim has burden of proving a municipal practice or custom was proximate cause of constitutional violation). Therefore, Defendants are entitled to summary judgment as to Plaintiff's Monell claim.

## IV.    CONCLUSION

Plaintiff's complaint purports to state a variety of constitutional claims, all of which restate or derive from either malicious prosecution or false arrest – the former

claim has been withdrawn and the latter is time-barred.  Although Defendants' motion for judgment on the pleadings is procedurally improper, the question of time-bar is dispositive and will be granted now in the interest of judicial economy.  In the absence of an underlying constitutional violation, Defendants are also entitled to summary judgment on Plaintiff's <u>Monell</u> claim.  Therefore, I will enter an order granting Defendants' motions and entering judgment in favor of Defendants and against Plaintiff.